UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:14-CV-15-JHM

KATHY NEWTON, L.G., M.G., and P.H.  PLAINTIFFS

V.

DARWIN DENNISON and
UNKNOWN AGENTS OF GRAYSON
COUNTY DETENTION CENTER  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss by the Defendants, Darwin Dennison and Unknown Agents of Grayson County Detention Center ("Defendants"). [DN 17]. Having been fully briefed, the motion is ripe for decision.

### I. BACKGROUND

On November 15, 2012, Ms. Newton's ("Plaintiff") infant P.H. was left at home alone by the infant's father Karl Hack. Mr. Hack's abandonment of the infant led Plaintiff's parents to call the Grayson County Attorney to report the suspected neglect. As a result of the incident, a court order was issued requiring Plaintiff to submit a urine sample to the Grayson County Detention Center. On January 16, 2013, Plaintiff obeyed the court order and provided a urine sample to unknown agents of the Grayson County Detention Center. According to the complaint, two unknown agents of the Grayson County Detention Center wrongfully accused Plaintiff of submitting a suspicious urine sample. Plaintiff alleges that this false accusation resulted in the removal of her children from her custody by the Cabinet for Health and Family Services ("CHFS").

Plaintiff asserts that the urine sample provided to the two unknown agents was negligently handled leading to her children being wrongfully taken from her by CHFS. Furthermore, she states that she was not made aware of the agents' conduct until March 1, 2013, during the final disposition hearing regarding custody of her children.

On February 21, 2014, both individually and on behalf of her minor children, Plaintiff filed a 42 U.S.C. § 1983 claim against Darwin Dennison, Jailer of the Grayson County Detention Center, and two unknown agents of the Grayson County Detention Center. In addition to Plaintiff's federal claim, she has brought state law claims of negligence, negligent supervision, and outrage.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[ ]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), accepting all of the plaintiff's allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts that are merely "consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79. The allegations must "'show that the pleader is entitled to relief.'" Id. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

### III. DISCUSSION

Defendants have brought a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), asserting that all claims are time barred by the statute of limitations. The statute of limitations for a 42 U.S.C. § 1983 action is governed by the limitations period for personal injury claims in the state in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one year statute of limitations found in KRS § 413.140(1). Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir. 1990).

### A. KATHY NEWTON'S CLAIMS

"[The] statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984). "This inquiry is focused on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing Shannon v. Recording Indus. Ass'n of Am., 661 F.Supp. 205, 210 (S.D. Ohio 1987)).

In the present case, Plaintiff claims that she was deprived of a familial relationship with her three minor children by the negligent conduct of the Grayson County Jailer and his employees. [Complaint ¶ 22]. Plaintiff argues that even if she had exercised due diligence, she could not have discovered that she lost custody of her children because of the negligence of the unnamed Defendants until Defendants' actions were disclosed to her on February 21, 2013. Accordingly, Plaintiff asserts that the statute of limitations did not begin until February 21, 2013.

However, as noted, the statute of limitations begins to run when a Plaintiff discovers he or she has been injured. In this case, Plaintiff's injury occurred on January 16, 2013, when her children were removed from her custody. The discovery rule does not toll the statute of

limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or misrepresentation of some sort, which the Plaintiff has not argued. A person who has knowledge of an injury is put on notice to investigate and discover the identity of the wrongdoer. Fluke Corp. v. LeMaster, 306 S.W.3d 55, 60 n.7 (Ky. 2010).

Therefore, Plaintiff's §1983 claim and related state law negligence claims are untimely, including her outrage claim. Bennett v. Malcolm, 320 S.W.3d 136 (Ky. Ct. App. 2010); see also Peak v. Tru-Check, Inc., 2014 WL 235442 (E.D.Ky., 2014).

### B. MINORS' CLAIMS

Although the claims asserted by Ms. Newton individually are untimely, the claims asserted on behalf of L.G., M.G., and P.H., by Ms. Newton, are not. Defendants rely on Tallman v. City of Elizabethtown which held that KRS § 413.170 did not toll the statute of limitations for a minor because, "[T]he children's claims were prosecuted on their behalf by their mother, as guardian and next friend." Tallman v. City of Elizabethtown, 2007 WL 3227599, at *3 (Ky. Ct. App. Nov. 2, 2007). Three recent federal cases have cast doubt on the holding in Tallman.

In Bradford v. Bracken County, the United States District Court for the Eastern District of Kentucky found that Tallman is not indicative of what KRS § 413.170 is intended to do. The court stated, "Absent direct state precedent on the issue, the Court is left to 'anticipate how the relevant state's highest court would rule in the case.'" The court followed similar logic used in Martin v. Celadon Trucking Servs., Inc., 2006 WL 181864, at *2 (W.D. Ky. Jan. 17, 2006), finding a minor's statute of limitations is tolled until a year after reaching majority, even if their claim had been prosecuted by a parent, guardian, or next of friend.

Directly supporting this position is T.S. v. Doe, 2010 WL 3941868, at *2-4 (E.D. Ky. Oct. 6, 2010). The court in T.S. stated:

> It is the opinion of this Court that the rationale in Newby is more persuasive than the absence of any discussion whatsoever and lack of supporting authority in Tallman. The tolling statute, KRS [§] 421.170, is designed to protect a minor during the period of minority. Unlike KRS [§] 342.210, this statute has no exceptions for a committee, guardian or next friend. Defendant's interpretation would require this Court to add an exception to the statute that the legislature did not provide. Although the action was brought by the Plaintiffs' mother as next friend, the minors are the plaintiffs and the real parties in interest. It is the further opinion of this Court that the Supreme Court of Kentucky would not remove a minor's statute of limitation protection simply because a suit was filed by a next friend.

T.S., 2010 WL 3941868 at *4.

Furthermore, after Tallman was decided, the Kentucky Supreme Court clarified, "[T]he minor himself is the plaintiff in cases filed by minor's next of friend." Branham v. Stewart, 307 S.W.3d 94, 97-98 (Ky. 2010). Following the sound logic of the abovementioned cases, it is the opinion of this Court that neither the 42 U.S.C. § 1983 claim nor the state law claims asserted on behalf of the children are time barred by the statute of limitations. Therefore, Defendants' motion to dismiss in regard to these claims is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss **is granted in part and denied in part.** The claims asserted by Ms. Newton individually are dismissed as untimely but the claims asserted on behalf of the children remain.

CC: Counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

July 30, 2014